IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHICAGO INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-12-357-FHS |
| | ) |
| CREOKS MENTAL HEALTH SERVICES, INC., | ) |
| and KRISTA ROSEBOROUGH, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff, Chicago Insurance Company ("CIC"), brings this action against Defendants, Creoks Mental Health Services, Inc ("Creoks") and Krista Roseborough ("Roseborough"), seeking a declaratory judgment with respect to its rights and obligations under a policy of insurance issued by CIC to Creoks, and under which Roseborough is an insured. The declaratory judgment is sought in the context of an April 19, 2012, verdict and judgment entered in the District Court of Okfuskee County, Oklahoma, in an action brought by three minor children, through their father and next friend, against Creoks and Roseborough for "failing to provide appropriate counseling to the minor children's mother, by failing to report abuse and molestation of the minor children by their mother to Oklahoma child welfare authorities, and by failing to disclose such molestation and abuse to the Okfuskee County District Court in a child custody dispute involving the minor children." Complaint, ¶ 9. Following a jury trial, judgment was entered against both Creoks and Roseborough for $3,000,000.00 in compensatory damages, "together with an award to the minor children of $50,000.00 in punitive damages against Roseborough and $1,500,000.00 in punitive damages against Creoks." Complaint, ¶

1

11.  CIC contends that as a result of this state court verdict and judgment "various disputes have now arisen as between CIC and its insureds, Creoks and Roseborough, as to whether CIC's indemnity obligation under its policy exceeds its $1,000,000.00 per incident or occurrence limit, and whether it has any obligation of indemnity as to the punitive damage awards." Complaint at ¶ 13.[1]  Creoks has filed a Motion To Dismiss (Dkt. No. 10) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure claiming this Court lacks jurisdiction over this matter because CIC's claim is not ripe for adjudication.  The Court agrees and finds this action should be dismissed without prejudice.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, there must be an "actual controversy" in order to support a declaratory judgment action.  The Act provides, in relevant part, "[i]n a case of *actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201 (emphasis added).  Consistent with the permissive language of the Act, it is clear that federal courts are afforded discretion when deciding whether to declare the rights of the litigants before it in a declaratory judgment action.  As noted by the Tenth Circuit Court of Appeals:

> The Federal Declaratory Judgments Act authorizes, but does not compel, federal jurisdiction over suits seeking

---

[1] Although not set forth in the Complaint, it appears from the parties' briefing that Creoks contends the $1,000,000.00 coverage limit asserted by CIC does not apply because, according to Creoks, CIC failed to settle the underlying state court case before trial despite numerous settlement offers within policy limits.

2

> *declaratory relief*.  Thus, *unlike coercive actions*, declaratory judgment actions do not invoke the federal judiciary's 'virtually unflagging obligation' to exercise its jurisdiction.

United States v. City of Las Cruces, 289 F.3d 1170, 1181 (10th Cir. 2002)(emphasis in original)(quoting Sinclair Oil Corp. v. Amoco Production Co., 982 F.2d 437, 440 (10th Cir. 1992); see also Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112 (1962)(the Declaratory Judgments Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so"); Brillhart v. Excess Ins. Co., 316 U.S. 491, 494-95 (1942)(district courts are "under no compulsion" to grant declaratory relief, but are vested with the discretion to do so).

The exercise of this discretion is framed by the existence of a "bona fide controversy as distinguished from hypothetical or abstract questions." National Valve & Mfg. Co. v. Grimshaw, 181 F.2d 687, 689 (10th Cir. 1950). The distinction between an abstract question and an actual controversy is primarily one of degree. Joslin v. Sec. of the Treasury, 832 F.2d 132 (10th Cir. 1987). "The question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Super Tire Engineering Company v. McCorkle, 416 U.S. 115 (1974)(quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).

Having reviewed the parties' submissions, the Court concludes there is a lack of "sufficient immediacy" to warrant the discretionary exercise of its jurisdiction and declare the parties rights at this time with respect to CIC's indemnity obligations.

3

The underlying state court judgment is currently on appeal and, as a result, uncertainty exists as to whether CIC will ever be obligated to pay any judgment in the state court action.[2]  A similar situation was present in National Valve & Mfg. Co. wherein the Tenth Circuit affirmed the trial court's dismissal without prejudice of a contractor's claim for indemnity, brought through the procedural tool of the Declaratory Judgment Act, on the basis of ripeness.  In determining that it was proper for the trial court to decline to exercise its discretionary jurisdiction, the Tenth Circuit considered the following factors important:

> "[i]t was not certain that the complainant would ever be compelled to pay any judgment in the action in the state court.  And it is not certain now that it will ever be obligated to do so.  The judgment already entered may be reversed on appeal. It may be held that under the facts complainant is not liable in damage for the death of the employee.  Or the judgment may be reversed for some other reason and the cause remanded for another trial, and on a subsequent trial complainant may prevail."

Id. at 689.  In the instant case there are similar contingencies inherent with the underlying appeal that make this case particularly unsuited for a declaration of CIC's obligations under its policy of insurance issued on behalf of Creoks and Roseborough. Given the uncertainties that are inherent in the appeal of the

---

[2] In connection with the appeal, CIC, Creoks, and Roseborough entered into a Non-Waiver Agreement whereby CIC posted a bond for the entire amount of the judgment against Creoks and Roseborough and appealed that judgment.  In addition, the parties agreed that "none of them shall waive any rights to dispute the extent of [CIC's] liability, if any, to satisfy all or any part of said judgment in excess of the policy limit stated in its policy of insurance issued to Creoks, and that none of the parties hereto waive any claim or defense related thereto by any action as result of entering into this agreement.  Non-Waiver Agreement, Exhibit 1 to Creoks' Motion to Dismiss (Dkt. No. 10).

judgment against Creeks and Roseborough, it cannot be said for certain that CIC will ever be obligated to pay any judgment arising from the underlying state court action. CIC asks this Court to make a determination in the context of an outcome - the affirmation of the existing judgment - that is uncertain and subject to multiple variations in form before qualifying, after exhaustion of the appeal process, as a final judgment. While it is true that "[t]he contingent nature of the right or obligation in controversy will not bar a litigant from seeking declaratory relief," Allendale Mutual Insurance Co. v. Kaiser Engineers, 804 F.2d 592 (10th Cir. 1986), the circumstances of the case must "reveal a need for present adjudication," id., before it is appropriate for a court to exercise its discretion and adjudicate a contingent or abstract controversy. This case does not present the Court with a factual scenario of such "sufficient immediacy" that there is a need for a declaration of the CIC's indemnity obligations at this time.[3] Unlike the situation in Allendale, CIC is not being deprived of any legal right by the deferral of the determination of its indemnity obligations. See Allendale, 804 F.2d at 595 ("If this action were not maintainable, Allendale would be forced to choose between giving up its right to appeal the state court award to its insured, and giving up its subrogation rights against the defendants."). The facts of this case are consistent with those in National Valve

---

[3] It is suggested by CIC that the amount of insurance coverage would be a significant factor in subsequent settlement negotiations should the underlying state court judgment be reversed and remanded on appeal. The *possibility* that settlement would be enhanced by a court ruling on CIC's indemnification obligations, however, does not make the case for "sufficient immediacy." The likelihood of a settlement of a particular lawsuit can be positively affected by many factors, including, in some cases, the uncertainty as to the scope of insurance coverage. Thus, a premature declaration as to the scope of CIC's insurance coverage does not necessarily equate with an increased chance of settlement following any reversal and remand.

& Mfg. Co. as there is no indication of a statute of limitations issue which would reveal a need for immediate adjudication of CIC's indemnity obligations.[4]  Indeed, the Tenth Circuit in Allendale distinguished its facts from those in National Valve & Mfg. Co. when it commented on the proper discretion exercised by the trial court in National Valve & Mfg. Co. given the absence of any statute of limitations problem.  Allendale, 804 F.2d at 595 ("There was no indication in [National Valve & Mfg. Co.] that a statute of limitations problem existed, or other circumstances revealed a need for immediate adjudication; the court's decision was upheld as not an abuse of discretion in the circumstances of the case.  That lack of any need for an early determination of the right to indemnification distinguishes *National Valve* from the case before us.").  Consequently, the Court exercises its discretion herein and declines to entertain this declaratory judgment action at this time.

Based on the foregoing reasons, Creoks' Motion To Dismiss (Dkt. No. 10) is granted and this action is ordered dismissed without prejudice to CIC's right to refile.

It is so ordered this 13th day of November, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[4] Attached as Exhibit 1 to CIC's Response To Creoks' Motion To Dismiss (Dkt. No. 15) is a proposed Tolling Agreement wherein certain affirmative defenses available to CIC in connection with any claims against it by Creoks, including the statute of limitations defense, are tolled during the tolling period. Tolling Agreement, ¶ 1(a), (d) and 2.